**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CRISTIAN SERRANO-DELGADO,<br><br>**Plaintiff,**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Defendant.** | **Civil No.** 23-1479 (FAB)<br><br>**Criminal No.** 17-533 (FAB) |

**OPINION AND ORDER**

BESOSA, Senior District Judge.

Before the Court is plaintiff Cristian Serrano-Delgado ("Serrano")'s motion to vacate, set aside, or correct his sentence. (Docket No. 1.)  For the following reasons, Serrano's motion is **GRANTED IN PART** and **DENIED IN PART.**

**I.   Background[1]**

On September 11, 2017, Serrano drove two men (Jonathan Valentín-Santiago and Rubén Miró-Cruz) to and from Herol Café - a bar and restaurant in Ponce, Puerto Rico – to commit a robbery, during which Valentín killed an off-duty police officer.  Serrano, Valentín, and Miró were charged with conspiracy to commit a robbery affecting interstate commerce in violation 18 U.S.C. § 1951(a) ("Hobbs Act") (count one); committing the Herol Café robbery in

---

[1] The facts are taken from the record of United States v. Serrano-Delgado, 375 F. Supp. 3d 157 (D.P.R. 2019) (Besosa, J.) and from United States v. Serrano-Delgado, 29 F.4th 16 (1st Cir. 2022).

Civil No. 23-1479 (FAB); Criminal No. 17-533 (FAB)                    2

violation of 18 U.S.C. § 1951(a) (count two); discharging a firearm during and in relation to crimes of violence resulting in death in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and § 924(j) (count three); and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1(A)(iii) (count four).  (Docket No. 101.)

Valentín and Miró each pleaded guilty to a reduced version of the charges; Serrano chose to go to trial.  After a 7-day trial, a jury convicted Serrano on all counts.  (Docket No. 206.)  On January 31, 2019, Serrano moved for a judgment of acquittal pursuant to Rule 29.  (Docket No. 229.)  The Court denied the motion.  (Docket No. 255.)  Serrano was sentenced to two hundred forty months on counts one, two, and three, to be served concurrently with each other, and one hundred twenty months on count four to be served consecutively to counts one, two and three, for a total of three hundred and sixty months of imprisonment. (Criminal Case Docket No. 271.)

Serrano appealed the judgment.  (Docket No. 276.)  Relevant to the case *sub judice*, he argued (1) that his section 924(c) and 924(j) convictions were unlawful because they are not predicated on crimes of violence, and (2) that the district court erred in

Civil No. 23-1479 (FAB); Criminal No. 17-533 (FAB)                    3

denying his objection to the Pinkerton[2] jury instruction.  See United States v. Serrano-Delgado, 29 F.4th 16 (1st Cir. 2022). The First Circuit Court of Appeals rejected Serrano's arguments and affirmed his sentence in all respects.[3]  Id.

Serrano now challenges his sentence pursuant to 28 U.S.C. § 2255.  (Docket No. 1.)  He argues that his trial attorney and appellate attorney provided ineffective assistance of counsel in violation of his rights under the Sixth Amendment of the United States Constitution.  Specifically, he argues (1) that his trial attorney failed to object to the form of the Pinkerton jury instruction, and (2) that his appellate attorney failed to argue that the form of the Pinkerton jury instruction was plain error.  Serrano also argues that his section 924(c) and section 924(j) convictions are unlawful because they violate United States v. Taylor, 596 U.S. 845 (2022), where the Supreme Court held that an attempted Hobbs Act robbery is not a crime of violence for purposes of a section 924(c) and section 924(j) conviction.  The government responded to Serrano's motion.  (Docket No. 12.) Serrano replied.  (Docket No. 18.)

---

[2] Pinkerton v. United States, 328 U.S. 640 (1946).

[3] The court of appeals' reasoning will be discussed below.

Civil No. 23-1479 (FAB); Criminal No. 17-533 (FAB)                4

## II.  Legal Standard

A federal prisoner may move to vacate, set aside, or correct his or her sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a). "In seeking to collaterally attack a conviction, the burden is on the petitioner to show entitlement to relief[.]"  United States v. Lara, No. 1:23-cr-10121-IT, 2026 U.S. Dist. LEXIS 3233, at *5 (D. Mass. Jan. 8, 2026) (citing David v. United States, 134 F.3d 470, 474 (1st Cir. 1998)).  This burden includes showing "any entitlement to an evidentiary hearing." Id. (citing Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001)); see 28 U.S.C. § 2255(b) (court shall "grant a prompt hearing" on the petitioner's *habeas corpus* motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]")

Criminal defendants have the right, pursuant to the Sixth Amendment of the United States Constitution, "to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair."  Strickland v. Washington, 466 U.S. 668, 685 (1984).  "[T]he right to counsel is

Civil No. 23-1479 (FAB); Criminal No. 17-533 (FAB)                5

the right to the effective assistance of counsel." Id. To make a claim of ineffective assistance of counsel, the petitioner must make two showings. First, the petitioner must show that "counsel's performance fell below an objective standard of reasonableness." Lara, 2026 U.S. Dist. LEXIS 3233, at *6 (citing Strickland, 466 U.S. at 690). "The court should be 'highly deferential' in scrutinizing counsel's performance and 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. at *6-7 (citing Strickland, 466 U.S. at 689). Second, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Strickland, 466 U.S. at 692. "The [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

## III. Discussion

### A.    Ineffective Assistance of Counsel

Serrano argues that his trial attorney was ineffective because he failed to object to the form of the Pinkerton jury instruction. (Docket No. 1-1 at pp. 14-15.) He also states that

Civil No. 23-1479 (FAB); Criminal No. 17-533 (FAB)                    6

his appellate attorney was ineffective because he failed to raise and argue that the Pinkerton jury instruction constituted plain error.  Id.

### 1.    Trial Attorney

Serrano argues that the attorney's failure to object to the form of the Pinkerton jury instruction deprived him "of a meaningful opportunity to have legal errors corrected by the First Circuit [Court of Appeals]" and "the right to a fair and effective appeal."  (Docket No. 1-1 at p. 15.)  The government argues that he was not deprived of meaningful review because the Court of Appeals did review and reject his challenges to the Pinkerton instruction.  (Docket No. 12 at pp. 13-15.)  The Court agrees that Serrano was not deprived of a meaningful opportunity to have legal errors corrected by the court of appeals.

Pinkerton liability allows a defendant to be held liable for the substantive crimes committed by his coconspirators in certain circumstances.  In order to be held liable, (1) a defendant needs to have been part of a conspiracy, (2) the offense committed by coconspirator was within scope of the unlawful project, (3) the offense was committed in furtherance of the conspiracy, and (4) the defendant could have reasonably foreseen the offense as a necessary or natural consequence of the unlawful agreement.  Pinkerton, 328 U.S. at 646-48.

Civil No. 23-1479 (FAB); Criminal No. 17-533 (FAB)                    7

In the First Circuit Court of Appeals' opinion, it stated that "[t]he instruction given by the district court largely track[ed] the circuit's model Pinkerton instruction." Serrano-Delgado, 29 F.4th at 27.  A trial attorney's failure to object to an instruction that largely tracks the first circuit's instructions does not fall below an objective standard of reasonableness.  See Cruz v. Maloney, 152 F. App'x 1, 6 (1st Cir. 2005) ("Failure to object to an accurate jury instruction does not qualify as ineffective assistance of counsel.").  Therefore, the failure to object did not fall below an objective standard of reasonableness.

The First Circuit Court of Appeals, however, did note that the instruction could be improved because the instruction seems to "permit[] liability if it is foreseeable a co-conspirator 'might commit' the charged substantive crime, rather than . . . 'whether the offense could be reasonably foreseen as a necessary or natural consequence of the unlawful agreement.'" Serrano-Delgado, 29 F.4th at 27 (citing Pinkerton, 328 U.S. at 648).  It also stated that "it would have been better had the district court separated out each of the counts rather than linking them disjunctively in a single instruction." Id.  In any case, even if the Court assumes that the attorney's failure to object to the Court linking the counts in the instructions fell below an

Civil No. 23-1479 (FAB); Criminal No. 17-533 (FAB)            8

objective standard of reasonableness (which the Court doubts),

Serrano fails to show prejudice.  Although Serrano argues that the

outcome of the trial would have been different if the trial

attorney had objected, the First Circuit Court of Appeals already

stated that:

> [t]he Pinkerton charge performed no work for the robbery
> conviction; rather, the case for finding Serrano to have
> aided and abetted the robbery turned entirely on whether
> Serrano's conduct as driver was unwitting. As we have
> explained, the evidence supported a negative answer
> beyond a reasonable doubt. Nor was there any reason to
> rely on the Pinkerton charge to reach that conclusion.
> To the contrary, in this case it was Serrano's own
> participation in the robbery that provided the basis for
> inferring an agreement to commit the robbery, not vice
> versa. Thus, the jurors could not have found him guilty
> of conspiring to aid and abet the robbery without first
> concluding that he did in fact aid and abet the robbery.

Id. at 26.  In terms of count three and count four – the charges

on the discharge of the firearm and resulting death - the court of

appeals stated that the Pinkerton jury instruction was not

confusing to apply because this was an "easy-to-understand case

centered on a single robbery in which all three suspects

substantially participated in their respective roles." Id. at 26.

Finally, the court of appeals rejected Serrano's argument that

"the Pinkerton jury instruction provided a theory of guilt [for

the discharge of the gun and resulting death charges] that would

leave no viable crime of violence [as] predicate . . . because it

is eminently possible that his substantive convictions rested on

Civil No. 23-1479 (FAB); Criminal No. 17-533 (FAB)          9

the jury's conspiracy finding." Id. at 28.   The First Circuit Court of Appeals reasoned that "it is not possible for the jurors to have found that the discharge and death occurred during and in relation to the conspiracy, but not during and in relation to the robbery." Id.   With such findings, the Court finds that Serrano was not prejudiced by the trial attorney's failure to object to the form of the Pinkerton jury instruction.   Accordingly, the Court finds that Serrano has failed to establish that his trial attorney's assistance was ineffective.

### 2.   Appellate Attorney

Serrano also argues that he received ineffective assistance of counsel from his appellate attorney because he failed to properly raise and argue that the form of the Pinkerton jury instruction met the plain error test.   (Docket No. 1-1 at pp. 15-16.)   Without deciding whether the appellate attorney's decision not to raise any argument as to the form of the Pinkerton jury instruction, the Court finds that Serrano has failed to show he was prejudiced.   As discussed in detail above, the First Circuit Court of Appeals did address whether the Pinkerton jury instruction had any effect on Serrano's guilty verdict.   It found that it did not.   Accordingly, Serrano also fails to establish that his appellate attorney's assistance was ineffective for failing to

Civil No. 23-1479 (FAB); Criminal No. 17-533 (FAB)            10

argue that the form of the Pinkerton jury instruction was plain error.

**B. Constitutional Challenge to Firearm Convictions (18 U.S.C. § 924(c) and § 924(j))**

Serrano's final argument is that his conviction on count four of the indictment, which charges violations of 18 U.S.C. §§ 924(c)(1)(A)(iii) is unconstitutional after the Supreme Court's holding in United States v. Taylor, 596 U.S. 845 (2022). Taylor concerned whether the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(A) excludes an attempted Hobbs Act robbery. The Supreme Court held that an attempted Hobbs Act robbery does not qualify as a "crime of violence" because no element of the offense requires proof that the defendant used, attempted to use, or threatened to use force. Id. According to Serrano, the same reasoning applies to conspiracy to commit a Hobbs Act robbery. (Docket No. 1-1 at p. 20-22.) The government concedes that conspiracy to commit a Hobbs Act robbery is not a crime of violence. It argues, however, that Taylor does not apply because his section 924(c) conviction was premised on two distinct crimes – a completed Hobbs Act robbery and a conspiracy to commit a Hobbs Act robbery – and the completed robbery is still a crime of violence. (Docket No. 12 at pp. 18-19.) Serrano replied that because his section 924(c) conviction in count four is premised on

Civil No. 23-1479 (FAB); Criminal No. 17-533 (FAB)          11

the same Hobbs Act robbery as his section 924(j) conviction in count three, the Court must vacate his conviction and sentence under section 924(c).  (Docket No. 18 at pp. 2-3; 7-8.)  He argues he cannot be punished cumulatively for convictions under section 924(c) and section 924(j).  Id.

The Court agrees with the government that Taylor does not apply here for the reasons stated in its brief.  Nonetheless, the Court finds that Serrano's section 924(c) and section 924(j) convictions overlap in violation of the Double Jeopardy clause must be vacated pursuant to Barrett v. United States, 607 U.S. 128 (2026).[4]

Recently, the Supreme Court considered the relationship between 18 U.S.C. §§ 924(c) and 924(j) in Barrett v. United States, 607 U.S. 128 (2026).  Barrett held that a defendant cannot receive two separate convictions and sentences for the same conduct that violates both section 924(c) and 924(j).  Barrett, 607 U.S. at 149. The Supreme Court explained that conduct that violates section 924(j) also necessarily violates section 924(c) because section 924(j) merely identifies a subset of 924(c) violations that result

---

[4] Serrano's brief was filed on September 22, 2023, and predates the Supreme Court's decision in Barrett.  The Court, however, finds that Serrano's argument harkens to the issue recently decided in Barrett, such that it is appropriate for the Court to address it.

Civil No. 23-1479 (FAB); Criminal No. 17-533 (FAB)          12

in death and provides for a harsher punishment.[5]   Therefore, a defendant cannot receive two separate convictions and sentences for violating section 924(c) and section 924(j).  That is, in fact, what happened to Serrano.  Serrano was convicted on count three of the indictment for violating section 924(j) and on count four of the indictment for violating section 924(c).   He received a sentence of two hundred forty months on count three that ran concurrently to his two hundred forty months sentences in counts one and two, and one hundred twenty months on count four, to run consecutively to the other sentences.   (Criminal Case Docket No. 271.)

There can be no dispute that Serrano's sentence does not comport with Barrett, but there is a question as to whether the rule can be applied retroactively.  The applicability of a new Supreme Court decision on collateral review turns on two factors: (1) a court must determine whether the decision announces a new rule or only applied a settled rule to new facts; and (2) if the decision announces a new rule, then the court must determine whether that rule is substantive or procedural.  See United States v. Charles, 813 F. Supp. 3d 200, 203 (D. Mass. 2025).  A rule is

---

[5] Section 924(c) criminalizes using, carrying, or possessing a firearm in connection with a federal crime of violence.  Section 924(j), in turn, states that a person who violates 924(c) and causes the death of a person in the process is subject to a higher sentence.

Civil No. 23-1479 (FAB); Criminal No. 17-533 (FAB)          13

considered new when it is not dictated by existing precedent at the time of defendant's conviction.  Id.  That is, if the Supreme Court decision is merely applying a principle already established by a different set of facts, then a new rule has not been announced. Id. (citing Shea v. United States, 976 F.3d 63, 71 (1st Cir. 2020). Where a Supreme Court decision merely applies a settled rule, "a defendant may invoke the new decision on collateral review."  Id.

Here, Barrett did not announce a new rule; it merely applied the Blockburger test[6] to section 924(c) and section 924(j). The Supreme Court stated:

> The assumption underlying the Blockburger rule is that Congress ordinarily does not intend to punish the same offense under two different statutes," where "punishment" means "a criminal conviction and not simply the imposition of sentence." Ball v. United States, 470 U.S. 856, 861(1985).  It is for this reason that running sentences concurrently does not avoid the problem; an unauthorized "'second conviction, even if it results in no greater sentence, is an impermissible punishment.'" Rutledge v. United States, 517 U.S. 292, 302 (1996) (quoting Ball, 470 U.S., at 865).
>
>                    . . . .
>
> Here, we have nothing more than the "classic relation of the 'lesser included offense' to the greater offense." Garrett v. United States, 471 U.S. 773, 787 (1985).

---

[6] The Blockburger test establishes that the government can only prosecute an individual for violating two different statutory provisions arising from a single course of conduct if each offense requires the government to prove an element that it does not have to prove for the other offense.  If the test is not satisfied, the Double Jeopardy Clause bars successive prosecutions and additional punishment.  Blockburger v. United States, 284 U.S. 299 (1932).

Civil No. 23-1479 (FAB); Criminal No. 17-533 (FAB)          14

607 U.S. at 141-42, 148.   Because <u>Barrett</u> applies "[t]he Blockburger presumption [which] is 'long settled', muscular and fundamental to our law," the Court invokes it to vacate Serrano's conviction and sentence on either count three (section 924(j)) or count four (section 924(c)(1)(A)(iii)).  <u>Id.</u> at 149.

The Court will vacate the conviction and sentence for count three (section 924(j)) because the sentence previously imposed (a total of three hundred sixty months) continues to reflect the seriousness of the offenses, promote respect for the law, provide a just punishment, afford adequate deterrence to criminal conduct, protect the public from additional crimes by the defendant, and provides the defendant with needed correctional treatment.  18 U.S.C. § 3553(a).  Accordingly, Serrano's motion is **GRANTED IN PART.**

IV. **Conclusion**

For the above reasons, Serrano's motion to vacate, set aside, or correct his sentence is **GRANTED IN PART and DENIED IN PART.** (Docket No. 1.)  Serrano's conviction and sentence on count three shall be vacated.   His three hundred sixty months sentence, however, remains in effect as follows: two hundred forty months of imprisonment term for count one and count two, and one hundred twenty months imprisonment term for count four, to be served

Civil No. 23-1479 (FAB); Criminal No. 17-533 (FAB)          15

consecutively to the concurrent sentences imposed for counts one and two.

Judgment shall be entered accordingly.  An Amended Judgment shall be entered in the criminal case.

No certificate of appealability shall issue because Rodríguez-Santos did not make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 15, 2026.


s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE